# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CARBAJAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALVARADO, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00221-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM<br><br>(ECF No. 12)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Anthony Carbajal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on February 15, 2019. (ECF No. 1.) Plaintiff's first amended complaint, filed on April 17, 2019, is currently before the Court for screening. (ECF No. 12.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Complaint

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California. The events in the complaint are alleged to have occurred at Wasco State Prison in Kern County, California. Plaintiff names the following defendants in their individual and official capacities: (1) Kings County Sheriff's Deputy Alvarado; (2) Kings County Sheriff's Deputy Franklin; (3) Correctional Officer Martin; (4) Correctional Officer Nickell; (5) Correctional Officer Barajas; (6) Correctional Office Gaieta; (7) Correctional Sergeant L. Carlo; (8) Chief Deputy Warden J. Sutton; and (9) Nurse Tammy A.

Plaintiff alleges that on August 31, 2018, he was transferred to Wasco State Prison from the Kern County Jail by Defendants Alvarado and Franklin. When Plaintiff arrived at the Receiving and Releasing section at Wasco, there were numerous other inmates and correctional staff present. Defendant Martin walked in front of Plaintiff and yelled, "Didn't I tell you to put that conversation in your pocket?" (ECF No. 12 at 3.) Plaintiff replied that he was sorry, he had not heard him and if he had, then he would have ceased talking. Defendant Martin continued to yell at Plaintiff, stating "What did you say to me?" (Id.) He then pulled Plaintiff to him. At that point, Defendant Carlo

2

told Defendant Martin, "We got one fucking off already? Bring him here." (Id.) Defendant Martin complied, and Plaintiff was taken to a less populated area. Defendant Martin, Gaieta, Nickell and Barajas then held Plaintiff against the wall while Defendant Carlo began choking Plaintiff until he passed out. When Plaintiff regained consciousness, Defendant Carlo was standing over Plaintiff and yelled, "Get the fuck up!" Defendants Alvarado and Franklin were present and reportedly witnessed the use of excessive force by Defendant Carlo.

Plaintiff subsequently was seen by Defendant Tammy A. Plaintiff conveyed to her what happened and showed her the visible marks on his face and head, along with his recently chipped tooth. Defendant Tammy A. reportedly failed to note Plaintiff's injuries in his medical file and asked him unrelated questions. Plaintiff asked for medical care and treatment for injuries, but Defendant Tammy A. stated that there was nothing that she could do.

Plaintiff filed an inmate grievance (602) to address the use of excessive force. Plaintiff was seen by a correctional captain and correctional sergeant who wanted to conduct a videotaped interview. Plaintiff asked to postpone the interview to review the regulations regarding his rights and what to expect. The correctional captain reportedly agreed to return in the future. Defendant Sutton later screened out Plaintiff's appeal on the grounds that Plaintiff refused to participate in the appeals process. Plaintiff explained the circumstances to Defendant Sutton and informed him that he was willing to assist in the investigation. Plaintiff then sent his appeal to the Inmate Appeals Chief in Sacramento, but Plaintiff believes that it did not reach its destination. Plaintiff asserts that he has written various letters to the Appeals Chief to no avail. Plaintiff received responses indicating that he did have any appeal history. Plaintiff asked to review his central file in an attempt to locate a copy of his 602. Despite the assistance of his correctional counselor, Plaintiff was unable to locate the appeal. Plaintiff submitted a 602 regarding the misplacement of his original 602, but the original 602 cannot be located. Plaintiff sent numerous requests in an attempt to locate his 602.

Plaintiff forwards four claims for relief. In his first claim, Plaintiff alleges that Defendant Carlo used excessive force in violation of Plaintiff's Eighth Amendment rights. In his second claim, Plaintiff alleges that Defendants Alvarado, Franklin, Carol, Martin, Nickell, Barajas and Gaieta acted with deliberated indifference to health and safety in violation of his Fourteenth

3

Amendment rights. In claim three, Plaintiff alleges that Defendant Tammy A. was deliberately indifferent to his health care needs in violation of his Fourteenth Amendment rights. In claim four, Plaintiff alleges that Defendant J. Sutton hindered his right to redress a grievance in violation of the First Amendment. As relief, Plaintiff requests compensatory and punitive damages.

**III. Discussion**

**A. Official Capacity**

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed in this action for monetary damages against defendants in their individual capacities.

**B. Eighth Amendment – Excessive Force**

In his first claim, Plaintiff alleges that Defendant L. Carlo used excessive force in violation of Plaintiff's Eighth Amendment rights. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat

'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

At the pleading stage, Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant L. Carlo in his individual capacity.

### C. Eighth Amendment – Failure to Intervene

In his second claim, Plaintiff alleges that Defendants Martin, Gaieta, Nickell, Barajas, Alvarado, Franklin and Carlo were deliberately indifferent to his health and safety in violation of the Fourteenth Amendment. Although not entirely clear, it appears that Plaintiff is attempting to assert a claim against Defendants Martin, Gaieta, Nickell, Barajas, Alvarado and Franklin for failure to intervene and protect him from physical abuse.

This claim is properly addressed under the Eighth Amendment, not the Fourteenth Amendment. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

At the pleading stage, Plaintiff's complaint states a cognizable claim for failure to intervene in violation of the Eighth Amendment against Defendants Martin, Gaieta, Nickell, Barajas, Alvarado and Franklin in their individual capacities. However, Plaintiff does not state a cognizable failure to intervene claim against Defendant Carlo, who allegedly was responsible for the use of excessive force.

### D. Eighth Amendment – Deliberate Indifference to Medical Needs

In his third claim, Plaintiff alleges that Defendant Tammy A. was deliberately indifferent to his health care needs in violation of the Fourteenth Amendment. As Plaintiff was a convicted prisoner, this claim is properly addressed under the Eighth Amendment.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate

indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's complaint fails to state a cognizable claim for deliberate indifference to medical needs against Defendant Tammy A. Plaintiff's complaint does not contain sufficient allegations to demonstrate that he had a serious medical need, that the failure to treat any medical need resulted in further injury or the wanton infliction of pain or that he suffered any harm from Defendant Tammy A.'s alleged failure to provide him further medical treatment. Plaintiff's conclusory allegations are not sufficient to state a cognizable claim.

### E. Grievance/Complaint Process

In his fourth claim, Plaintiff alleges that Defendant J. Sutton violated his First Amendment rights by failing to provide him with a meaningful opportunity to exhaust a viable grievance. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The prison grievance procedure does not confer any

substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); see also Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening or processing of his grievances or complaints.

**IV.    Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Carlo in his individual capacity and a cognizable claim for failure to intervene in violation of the Eighth Amendment against Defendants Martin, Gaieta, Nickell, Barajas, Alvarado and Franklin in their individual capacities. Plaintiff's complaint fails to state any other cognizable claims for relief. Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claims identified by the Court, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims. The Court will then recommend that the remaining claims and defendants be dismissed from this action, and then initiate the process for service of the complaint.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

"buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File a second amended complaint curing the deficiencies identified by the Court in this order; or

    b. Notify the Court in writing that he does not wish to file a second amended complaint and he is willing to proceed only on his claim for excessive force in violation of the Eighth Amendment against Defendant Carlo in his individual capacity and his claim for failure to intervene in violation of the Eighth Amendment against Defendants Martin, Gaieta, Nickell, Barajas, Alvarado and Franklin in their individual capacities; and

3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

Dated: **April 23, 2019**           /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE